# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAMS, SCOTT & ASSOCIATES, JOHN T. WILLIAMS<br><br>Plaintiffs<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant | Case No.: 3:20-cv-00058-MMD-WGC<br><br>**Report & Recommendation of United States Magistrate Judge**<br><br>Re: ECF Nos. 1, 1-1, 3 |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiffs have filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1). Plaintiffs have also filed a motion for appointment of counsel. (ECF No. 3.)

There are several deficiencies with both the IFP application and complaint resulting in a recommendation of dismissal of this action.

Preliminarily, the court notes that this action is filed by John T. Williams and Williams, Scott & Associates. There is an IFP application by Mr. Williams, but not by Williams, Scott & Associates. There must be an application to proceed IFP by each plaintiff.

Next, while Mr. Williams may represent himself in federal court, the entity defendant—Williams, Scott & Associates—may not. Unless Mr. Williams is a licensed attorney, he may not represent Williams, Scott & Associates and the entity defendant must secure counsel.

In any event, it is recommended that this entire action be dismissed for lack of jurisdiction and improper venue.

In the 132-page complaint, Plaintiffs present a disjointed diatribe that has its basis in criminal proceeding(s) involving Mr. Williams and Williams, Scott & Associates under the Fair Debt Collection Practices Act (FDCPA). While Plaintiffs bring this action under the guise of the Federal Tort Claims Act and various other common law or state torts and federal statutes, Plaintiffs essentially take issue with the underlying criminal proceeding(s) and conviction(s).

Plaintiffs only name the United States of America as a defendant in the caption but then lists the names of various other defendants/targets of the lawsuit in the body of the complaint: Preet Bharara (AG Supervisor), George Venizelos (FBI Supervisor), Richard Zabel (DAG supervisor), Richard Frankel (FBI Supervisor), James Comey (FBI Supervisor), Edith Ramirez (FTC Supervisor), Darren Kible (FBI Supervisor), William Effren (FTC Supervisor), Catherine Wolfe (Supervisor COC), Ruby Karjick (Supervisor COC), Jill Jeffries (Probation), Joseph D. Stites (FBI), Patrick Carrol (FBI), Jessica Rich (FTC Supervisor), Jonathan Nuechterlein (FTC Supervisor), Deborah Marrone (FTC Supervisor), Timothy Brody (FBI), Kurt Diker (FBI), Brian Comisky (FBI), Kevin Song (AUSA), Jonathan Cohen (AUSA), Benet Kearney (AUSA), Richard Tarlowe (AUSA), Sarah Paul (AUSA), Jennifer Gachiri (AUSA), Daniel Tehrani (AUSA), Attorneys Whitman Matthew Dodge of the federal defenders program, along with CJA attorneys Careton Matthews, Robert Ray, Anthony Cecutti, James Devita, Mark Demarco, Kenneth Montgomery, Peter Tomao. (ECF No. 1-1 at 19-24).

A civil action must be brought in (1) a judicial district in which any *defendant* resides, if all defendants reside in the same state where the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial

part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).

There is no indication that any of the individual defendants reside in the District of Nevada. Instead, the factual allegations, while confusing, reveal that the underlying criminal proceeding took place in the District of Georgia.

While Plaintiff sues the United States under the Federal Tort Claims Act, the allegations do not state a claim under the Federal Tort Claims Act.

The Federal Tort Claims Act permits individuals to sue the government for money damages to compensate for injuries arising out of the negligent acts of government employees. *See* 28 U.S.C. § 1346(b)(1). The conduct that is the subject of the complaint is not the negligent acts of government employees, but specific conduct undertaken with respect to the underlying criminal proceeding(s). If Plaintiffs wish to challenge their conviction(s), their remedy is a direct appeal in the court where the conviction was rendered, or possibly, federal habeas relief after administrative remedies are exhausted. Plaintiff does not state a colorable claim against the United States under the Federal Tort Claims Act.

In sum, Plaintiffs have not alleged that any defendant resides in the District of Nevada, that any of the events giving rise to the action transpired here, and has not otherwise alleged any connection to this District. Therefore, it appears that the court lacks personal jurisdiction over the defendants and venue is improper here. The action should be dismissed, and the dismissal should be without prejudice only to the extent Plaintiffs may file a complaint stating plausible claims for relief in the correct court; however, this action should be administratively closed. As such, the

pending application to proceed IFP by Mr. Williams and motion for appointment of counsel should be denied as moot.

## **RECOMMENDATION**

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING** this action. The dismissal should be **WITHOUT PREJUDICE** to the extent Plaintiffs can assert plausible claims for relief in the correct court. This action, however, should be administratively closed. The application to proceed IFP (ECF No. 1) and motion for appointment of counsel (ECF No. 3) should be **DENIED AS MOOT**.

The Plaintiffs should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: March 24, 2020

*William G. Cobb*
William G. Cobb
United States Magistrate Judge

4